Retsch v. Renehan, et al, 16 N. M. 541.

[No. 1388. December 8, 1911.]

TINA HAFFNER RETSCH, OTTO RETSCH, Intervenor, Appellee, v. ALOIS B. RENEHAN, et al, Appellant.

SYLLABUS (BY THE COURT).

1. The statute does not authorize a sheriff to charge or collect fees for the custody of real estate under levy of an execution.

2. Where, at a sale under execution, a sheriff causes to be made out of a judgment debtor's property illegal and improper charges, the sale is fraudulent and voidable.

3.  Where real estate is bid in at an execution sale by the attorney of the judgment creditor for himself and not for his client he is charged with notice of the fraudulent acts of the sheriff in the conduct of the sale.

4.  One is not a purchaser for a valuable consideration where the consideration is antecedent debts without surrender or cancellation of any written security by the creditor.

5.  There being no evidence that the position of the parties had so changed that equitable relief could not have been afforded without doing injustice, the defense of laches is not available.  Following Penn. Mutual Life Insurance Co. v. Austin, 168 U. S. 685.

6.  The plaintiff having been in possession of the land laches will not be imputed to her.

.  Appeal from the District Court for Santa Fe County, before John R. McFie, Associate Justice.  Affirmed.

A. B. Renehan for Appellant.

After offering land for sale on execution, in parcels, and failing to get bids, a sale en masse is rightful.  White v. Crow, 110 U. S. 190; 20 Enc. P. & P. 217; 17 Cyc. 1251; Comstock v. Hill, 127 Colo. 165; Osgood v. Blackmore, 59 Ill. 268.

The purchaser is entitled to his deed on the day of the sale and to the immediate possession of the land. Rogers v. Carward, 55 Am. Dec. 733.

There was no wrong in the attorney's bidding and buying.  Learned v. Geer, 139 Mass. 31.

Irregularities for which a sale may be set aside may be waived by the parties interested and waiver may be presumed from apparent acquiescence.  Crawford v. Quinn, 35 Ia. 543; Maple v. Kussart, 53 Pa. St. 348; McConnel v. People, 71 Ill. 481; National Nickel Co. v. Nevada Nickel Syndicate, 106 Fed. 110; Barnes v. Zoerker, 107 Ind. 105; Frink v. Roe, 70 Cal. 302; *Shottenkirk v. Wheeler, 3 Johns, ch. 280; 17 Enc. L. 956; Bachelder

Bros. v. Chaves, 5 N. M. 566; Stewart v. Severance, 43 Mo. 322; Gibson v. Lyon, 115 U. S. 447; Griffith et al v. Bogert, 18 How. 164; Doe v. Dutton, 2 Ind. 809; Sowle v. Champion, 16 Ind. 165; Hunter v. Turnpike Co., 56 Ind. 213.

A sale upon execution after the return day is good if the levy was made before. Remington v. Linthicum, 14 Pet. 90; Wheaton v. Sexton, 4 Wh. 503; Mason v. Bennett, 52 Fed. 345; Freeman Void Judicial Sales 113; Allen v. Kinyon, 41 Mich. 281; Freeman on Executions, sec. 6; Wyant v. Tuthill, 17 Neb. 496; Stewart v. Severance, 43 Mo. 322; Stein v. Chambliss. 18 Ia. 474; Young v. Smith, 76 Am. Dec. 83; Barden v. McKinney, 15 Am. Dec. 520; Rose v. Ingraham, 98 Ind. 278; Southern Hotel Co. v. Hotel Co., 94 Cal. 221; Bradley v. Sandilands, 56 Minn. 45.

Irregularities must be corrected at law. Kavenaugh v. Jakeway, Walker's Ch. Rep. 344, Mich.; Blair v. Compton, 33 Mich. 1; Campo v. Godfrey, 18 Mich. 44; Ross v. Mead, 5 Gilmoner 171; Prather v. Hills, 36 Ill. 402; Gillespie v. Smith, 29 Ill. 481; Fergus v. Woodward, 44 Ill. 374; McMullen v. Goble, 47 Ill. 67; Hay v. Ball, 77 Ill. 500; Roberts v. Fleming, 53 Ill. 196; Winchee v. Edwards, 57 Il. 41; Osgood v. Blackmore, 59 Ill. 26; Rinkney v. Small, 60 Ill. 416; Griffith et al v. Bogert et al, 18 How. 164; Voorhees v. Bank, 10 Pet. 477; 2 Freeman on Executions, 3 ed. sec. 310; Thompson v. Solmie, 2 Pet. 157; 2 Rose's Notes 817 & 821; Blaine v. The Ship, 4 Cr. 328.

Unimportant discrepancies between judgment and execution will be disregarded, much more so in the notice of sale. Ten Eyck v. Walker, 4 Wendell 463.

Lacking the sheriff's return, his deed 'is sufficient evidence of his proceedings. Remington v. Linthicum, 14 Pet. 91; Wheaton v. Sexton, 4 Wheat. 503; McNitt v. Turner, 16 Wall. 365; Freeman on Executions, sec. 341; Rorer on Judicial & Execution Sales, sec. 641; Cooper v. Galbraith, 3 Wash. (C. C.) 550; Moore v. Fraser, 15 Or. 637.

The adjournment of the sale was proper at common

law. Freeman on Executions, sec. 288; Gilbert v. Watts-
DeGolyer Co., 169 Ill. 134; Blossom v. Railroad Co., 3
Wall. (L. ed. 43) 209; Freeman Void Judicial Sales, sec.
288; Semmes v. U. S., 91 U. S. 22; Requa v. Rhea, 2
Paige 339.

Republication of notice was not requisite. 2 Freeman
on Executions, 3 ed., sec. 288; Tinkham v. Purdy, 5
Johns 345; Russell v. Richards, 11 Me. 371; Highes v.
Longworth, 4 Bar. 153; Warren v. Leland, 9 Mass. 265;
Dexter v. Shepherd, 117 Mass. 485; Blossom v. Railroad
Co., 3 Wall. 209; Hard v. Foster, 98 Mo. 313; Semmes v.
U. S., 22; Connell v. O'Neall, 154 Pa. St. 591; Russell
v. Gibbs, 5 Cow. 390; Van Camp v. Searle, 147 N. Y.
150; Allen v. Cole, 9 N. J. Eq. 286; Cox v. Halstead, 2
N. J. Eq. 311; Luther v. McMichael, 6 Humphr., Tenn.
298.

Plaintiff's attorney may buy at execution sale in his
own interest if he does not prejudice his client. Free-
man Void Judicial Sales 123; Richards v. Holmes, 18
Howard 306.

Sheriff should not exact payment in coin when plain-
tiff is entitled to proceeds of sale and being entitled to
fees his disposition of them is not subject to question.
Freeman on Executions, sec. 301; Robinson v. Brennan,
90 N. Y. 208.

New Mexico has no provision for a certificate of sale,
but there must be some writing to satisfy the statute of
frauds. 2 Freeman on Executions, 3 ed., sec. 312;
Leonard v. Flynn, 89 Cal. 535; Greer v. Clark, 31 Cal.
592; Remington v. Linthicum, 14 Pet. 92; Leland v.
Wilson, 34 Tex. 91; Onerato's Interdiction, 46 La. Ann.
73; Jouet v. Mortimer, 29 La. Ann. 206; Porter v. Wat-
son, 76 Pac. 841; Burk v. Bank, 3 Head 686; Cannon v.
Pillow, 7 Humphrey 292, Tenn.; 20 Enc. L. ed. 727;
Leach v. Koenig, 55 Mo. 451; Schumate v. Revus, 49 Mo.
333; Landis v. Brant, 10 How. 348; Keaton v. Thoma-
son, 2 Swan, Tenn. 138; Pickett v. Pickett, 3 Dev. N.
C. 6.

Statute of Limitations is applied equally in equity as
at law. The doctrine of laches is also available though

not plead, and may even shorten the limitation period. Bank v. Daniels, 12 Pet. 32; Lewis v. Marshall, 5 Pet. 470; Curtner v. U. S., 149 U. S. 662; Moran v. Horsky, 178 U. S. 214; Miller v. McIntyre, 6 Pet. 61; Bacon v. Howard, 20 How. 22; Godden v. Kimmell, 99 U. S. 201; Badger v. Badger, 2 Wall. 87; Putnam v. Railroad Co., 16 Wall. 390; Bank v. Dispatch Co., 149 U. S. 436; Baker v. Cummings, 169 U. S. 189; Morris v. Haggin, 136 U. S. 386; Willard v. Wood, 164 U. S. 502; Hale v. Coffin, 114 Fed. 576, 120 Fed. 473; Richards v. Mackall, 124 U. S. 183; Parker v. Dacres, 130 U. S. 49; Alsop v. Riker, 155 U. S. 461; Whitney v. Fox, 166 U. S. 648; Caulk v. Pace, 53 Fed. 714; Bartlett v. Ambrose, 78 Fed. 841; U. S. v. Moore, 12 How. 209; Sena v. U. S., 189 U. S. 241; Townsend v. Vanderwerker, 161 U. S. 171; McIntyre v. Pryor, 173 U. S. 59; Brainerd v. Buck, 184 U. S. 109; Crosby v. Beale, 17 Wall. 336; Hoyt v. Sprague, 103 U. S. 613; Ware v. Galveston City Co., 146 U. S. 116; Hayward v. Eliot National Bank, 96 U. S. 611; Upton v. Tibblecock, 91 U. S. 45; C. L. 1897, secs. 2916, 2918; Upton v. McLaughlin, 105 U. S. 640; Rosenthal v. Walker, 111 U. S. 191; Teall v. Schroeder, 158 U. S. 172; 25 Cyc. 1186; Baker v. Cummings, 169 U. S. 715; 17 Cyc. 1283; Dwayne v. Burke, 12 Pet. 24; Screyer v. Scott, 134 U. S. 409; Farrer v. Churchill, 135 U. S. 250; United States v. American Bell Telephone Co., 167 U. S. 154; Lalone v. United States, 164 U. S. 426; Evers v. Watson, 156 U. S. 523.

Irregularities were waived by laches. Koontz v. Bank, 16 Wall. 196; Voorhees v. Bank, 10 Pet. 473; Evers v. Watson, 156 U. S. 520; Jackson v. Spink, 59 Ill. 409; Beebe v. U. S., 161 U. S. 637; White v. Luning, 93 U. S. 523; Evers v. Watson, 156 U. S. 524.

Proof of fraud. Lyttle v. Lansing, 147 U. S.

Attorney's appearance will be considered as authoritative and bind the principal unless clearly unauthorized. Osborn v. U. S. Bank, 9 Wh. 829; Hill v. Mendenhall, 21 Wall. 454; Coler v. Commissioners, 6 N. M. 116.

A quit claim deed does not deprive the purchaser of innocence. Boone v. Chiles, 10 Pet. 177; U. S. v. Land

Company, 148 U. S. 361; McDonald v. Belding, 145 U. S. 788; Moelle v. Sherwood, 148 U. S. 350.

A judicial sale and title acquired under the proceedings of a court of competent jurisdiction cannot be questioned collaterally except in a case of fraud. Griffith et al v. Bogart et al, 18 How. 164; Koontz v. Bank, 16 Wall. 196; 20 Enc. P. & P. 238; Lee v. Davis, 16 Ala. 516; Graaf v. Louis, 71 Fed. 594; Cassell v. Joseph, 184 Ill. 378; Bray v. Adams, 114 Mo. 486; Stevenson's Heirs v. McCreary 51 Am. Dec. 102.

The sheriff's fees and retaxation. Parrisher v. Waldo, 72 Ill. 71; Mann v. Warner, 22 Mo. App. 577; 5 Enc. P. & P. 246; Perfield v. James, 4 Hun. 69; Hart v. Lindsey, Walk. 72 Mich.; 2 Freeman on Executions, sec. 296.

Sheriff is presumed to have done his duty. Rohrer on Jud. and Ex. Sales, sec. 641; Gantley's Lessee v. Ewing, 3 How. 714.

Where execution debtor procures postponement he is bound. Payne v. Billingham, 10 Iowa 360.

Defendant's attorney may buy at public sale. Fischer v. McInnerney, 137 Cal. 28.

Plaintiff or intervenor cannot recover in any event without repayment of purchase price with interest. Graaf v. Louis, 71 Fed. 594; Davis v. McCann, 145 Mo. 179.

Notice. Freeman Void Jud. Sales, sec. 287.

Writ of venditioni exponas. Ritchie v. Higginbotham, 26 Kas. 647; 8 Words and Phrases 7290.

Clerk's records may be shown to be badly kept. Stevenson's Heirs v. McCreary, 51 Am. Dec. 103.

Courts of equity are bound by statutes of limitations the same as courts of law. Baker v. Cummings, 169 U. S. 715.

In judicial or execution sales possession by the judgment or execution debtor either exists or will be presumed to exist. 5 Pom. Eq. Jur., sec. 33; Simmons Creek Coal Co. v. Doran, 142 U. S. 1075; Penn. Mutual Life Ins. Co. v. Austin, 168 U. S. 685.

Record of a conveyance charges all persons interested with notice of any fraud thereby committed. Teal v. Schroeder, 168 U. S. 172; C. L. 1897, secs. 2916, 2918.

Retsch v. Renehan, et al, 16 N. M. 541.

It was unnecessary to plead specifically the plea of laches or statute of limitations. Badger v. Badger, 2 Wall. 95; Richards v. Mackall, 124 U. S. 187; 25 Cyc. 1406; Alexander v. Bryan, 110 U. S. 420; Hayward v. Elliott Nat. Bank, 96 U. S. 611; Upton v. Tribblecock, 91 U. S. 45.

THOMAS B. CATRON for Appellee.

The right to levy on, advertise and sell lands is statutory and each statute must be strictly construed. 2 Freeman on Ex., secs. 172, 285, 288; Gentry v. Ewing, 3 How. 713; Jones v. Jones, 1 Bland. 443; Suth. Stat. Con., secs. 400, 454, 455, 456; C. L. 1897, secs. 3106, 3113-3115, 3117; Corwin v. Merritt, 3 Barb. 341; Bloom v. Burdick, 1 Hill 130; Brisbane v. Peabody, 3 How. Pr. 109; Rogers v. Murray, 3 Paige 390; Atkins v. Kerman, 20 Wend. 249; Shennard v. Reade, 7 Hill 431; Sharp v. Spier, 4 Hill 76; Morse v. Williams, 35 Barb. 472; Sherman v. Dodge, 6 John Ch. 107; Sibley v. Smith, 2 Mich. 486; Koch v. Bridges, 45 Miss. 247; South. Stat. Con., sec. 455; People v. Schemerhorn, 19 Barb. 558; Hurford v. Omaha, 4 Neb. 336; Best v. Gholson, 89 Ill. 455; People v. Cook, 14 Barb. 290, 8 N. Y. 67; Marsh v. Chestnut, 14 Ill. 223; Clark v. Crane, 5 Mich. 151; State v. McLean, 9 Wis. 292; Norwegian Street, 81 Pa. St. 349; McKune v. Weller, 11 Cal. 49; in re Watts, 1 N. M. 541; Laws 1897, chap. 45, sec. 7; Todd v. Phillhower, 4 Zab. 796; Den v. Young, 7 Hal. 300; French v. Edwards, 13 Wall. 511; Ransom v. Williams, 2 Wall. 319; Rounsville v. Hazen, 33 Kas. 71; Hoffman v. Gaines, 47 Ark. 226; Dula v. Seagle, 98 N. C. 458; Mitchell v. Noaway Co., 80 Mo. 257; Ware v. Bradford, 2 Ala. 676; Brooks v. Rooney, 11 Ga. 423; Hobein v. Murphy, 20 Mo. 447; Lawrence v. Spied, 2 Bib. 401; Kilby v. Haggan, 2 J. J. Marsh 208; Osgood v. Blackmore, 59 Ill. 261; Jackson v. Spink, 59 Ill. 484; Curd v. Lackland, 49 Mo. 251; Draper v. Brysan, 17 Mo. 71; Muir v. Natchez, 4 S. & M. 602; Evans v. Robbison, 92 Mo. 199; Williams v. Peyton, 4 Wheat. 79; McMichael v. McDermott, 17 Pa. St.

353; Richards v. Unangst, 15 Pa. St. 90; Martin v. Bright's Heirs, 20 Am. Dec. 226; Stockton v. Orings, 12 Am. Dec. 302; Pa. St. 420; Purce v. Evans, 61 Am. Dec. 420; Trumble v. Turner, 53 Am. Dec. 90; Kloop v. Witingen, 43 Pa. St. 225; T. J. Taylor & Co. v. Pacific Co., 122 F. R. 145; Hopton et al v. Swan, 50 Miss. 549; Farr v. Sims, 24 Am. Dec. 263; Mills v. Rogers, 13 Am. Dec. 564; Smith v. Grantee, 18 Am. Dec. 263; Jones v. R. R. Co., 32 N. H. 295; McClean County Bank v. Flagg, 31 Ill. 295; Cummings' Appeal, 23 Penn. St. 509; Rorer on Jud. Sales, 855; Ryerson v. Nicholson, 2 Yates Rep. 516; Friedly v. Sheetz, 9 S. & R. 162; Rowley v. Brown, 1 Binney R. 61; Jackson v. Roberts, 7 Wend. Rep. 888; Carlile v. Carlile, 7 J. J. Marshall 625; Denning v. Smith, 2 John Ch. 342-4; Benson v. Smith, 42 Me. 425; Ollis v. Kirkpatrick, 3 Idaho 34; Free. Void Jud. Sales, sec. 30; Thornton v. Boyden, 31 Ill. 210; Montgomery v. Barnes, 19 La. Ann. 160; Enlow v. Miles, 12 S. & M. 147; Patten v. Stewart, 26 Ind. 395; Huntz v. Worthington, 4 Pa. St. 153; Williams v. Barlow, 49 Ga. 530; Donthell v. Kettle, 104 Ill. 360; Ryerson v. Nicholson, 2 Yates 516; Friedly v. Schutz, 9 S. & R. 162; Rowley v. Brown, 1 Binney 61; Rorer on Jud. Sales, secs. 730, 735, 746, 747, 748, 751, 757, 753, 1106, 1107; Jacobs v. Buckaloo, 4 Ariz. 254; 2 Dembtz Ld. Tit., sec. 171; Nesvitt v. Dallam, 7 G. & J., Md. 512; Woods v. Monell, 1 John Ch. 702; Tiernan v. Wilson, 6 John Ch. 411; Steads Ex. v. Course, 4 Cr. U. S. 403; Johnson v. Newton, 18 Johns 335; Berry v. Griffith, 2 H. & G. Md. 337.

The sheriff under an execution has no right to take possession of the real estate. Free. on Ex., sec. 280a.; 2 Dembtz. Land Tit., sec. 171; Morgan v. Kumey, 38 Ohio St. 601; Walters v. Duval, 1st G. & J., Md. 37; Wood v. Weir, 5 B. Mon. 544; Huston v. Duncan, 1 Bush. 205; Addison v. Crow, 5 Dana 271; Woolfolk v. Overton, 3 A. K. Marsh 69; Morton v. Sanders, 2 J. J. Marsh 142; Ladd v. Blunt, 2 Mass. 402.

Sales to raise a greater sum than authorized or a greater quantity than necessary are void. Dawson v. Letsey, 10 Bush 408; Peterson v. Corneal, 3 A. K. Marsh

618; Tiernan v. Wilson, 6 Johns. Ch. 411; Stead v. Course, 4 Cranch 403; Brown v. Ferrea, 51 Cal. 552; Mays v. Wheny, 58 Tenn. 138; Rorer Jud. Sales, 901, 902, 921, 1103.

Sheriff's deed not paid for and made before the time for redemption expired, is void. C. L. sec. 3117; 2 Dembtz Ld. Tit., sec. 174; 2 Devlin on Deeds, sec. 1427; Rorer Jud. Sales, sec. 956; 4 Kent. Comm. 431; Delahay v. McConnell, 4 Scam. 152; Gorham v. May, 10 Mich. 485; Grous v. Fowler, 21 Cal. 392; Moore v. Martin, 38 Cal. 438; Cernall v. Cleim, 33 Cal. 666; Hall v. Youell, 45 Cal. 584; Negley v. Stewart, 10 S. & R. 207; Robins v. Bellas, 2 Watts 359; Isler v. Andrews, 66 N. C. 552; Buckle v. Barstow, 48 Ind. 274; Aldrich v. Wilcox, 10 R. 1. 405; Phillips v. Foster, 19 Ga. 298; Swope v. Artery, 5 Ind. 213; Chapman v. Howard, 8 Black 82; Meina v. Elliott, 51 Cal. 8; Swayze v. Burke, 12 Pet. 24.

The plaintiff's attorney cannot purchase at all. Meina v. Elliott, 51 Cal. 8; West v. Waddell, 33 Ark. 575; Hall v. Hollott, 1 Cox. 134; Wright Exr. v. Walker, 30 Ark. 44; 2 Freeman on Executions, sec. 292; C. L. 1897, sec. 3117; 2 Dan. Ch. Pr. 1267; Harper v. Perry, 28 Iowa 60; Stockton v. Ford, 11 How. 246; Brotherson v. Calsalus, 26 How. Pr. 18; Henry v. Ramain, 25 Pa. St. 345; Howell v. Baker, 4 John Ch. 119; 1 Story's Eq., sec. 311; Wormly v. Wormly, 8 Wheat. 445; Starr et al v. Vanderhuyden, 9 Johns. 253; Merritt v. Lamert, 10 Paige 358; Howell et al v. Ransom et al, 11 id. 538; Howell v. Baker, 4 Johns. Ch. 120; Armstrong v. Huston's Heirs, 8 Ohio 554; Wade v. Pettibone, 11 id. 57; West v. Raymond, 21 Ind. 306-8; Gay v. Parpart, 106 U. S. 697; Barstow v. Beckett, 122 Fed. Rep. 141; Allore v. Jewell, 94 U. S. 506; Schroeder v. Young, 161 U. S. 334; Howell's Heirs v. McCreary's Heirs, 7 Dana 388; Graffam v. Burgess, 117 U. S. 180; Byers v. Surget, 19 How. 303; McIntyre v. Pryor, 173 U. S. 38; Prevost v. Gratz, 6 Wheat. 481; 1 Beach's Eq. 354; Smith v. Ayer, 101 U. S. 326; Clute v. Barron, 2 Mich. 194; Rankin v. Porter, 7 Watts 390; Teakle v. Bailey, 2 Brock. 44; Banks v. Judah, 8 Conn. 157; Church v. Marine Ins. Co., 1 Mason 344; Barker v.

Marine Ins. Co., 2 Mason 369; Copeland v. Mercantile Ins. Co., 6 Pick. 204; Michoud v. Girod, 4 How. 552; Davoue v. Fanning, 2 Johns Ch. 252; C. L. 1897, sec. 3126; Denny v. Smith, 3 Johns. Ch. 332; Brown v. Bulkley, 14 N. J. L. 457; Clute v. Barron. 2 Mich. 198; Galbraith v. Elder, 8 Watts 547; Harper v. Perry, 28 Iowa 60; Hackenburg v. Carlile, 5 W. & S. 348; Henry v. Raiman, 25 Pa. St. 359; Pacific R. R. Co. v. Ketchum, 101 U. S. 500; Stockton v. Ford, 11 How. 246; 2 Freeman on Ex., sec. 292; Howell v. Baker, 9 John. Ch. 120; Johnson v. Outlaw, 56 Miss. 547; Succession of Hoss., 42 La. Ann. 1026; Hall v. Hallett, 1 Cox. 134; Manning v. Hayden, 5 Saw. 380; Bliss v. Prichard, 67 Mo. 181; 2 Pom. Eq. Jur., sec. 1049; Case v. Carroll, 35 N. Y. 380; Howell v. Ransom, 11 Paige 538; Merritt v. Lamber, 10 Paige 358.

The time in which the suit can be brought to vacate a sale is governed by no fixed rules; it is regulated by the facts and the determination of the court on the facts. 2 Freeman on Ex., sec. 296; Relf v. Elberly, 23 Iowa 467; Williams v. Allison, 33 Iowa 284; Hall v. Allison, 33 Iowa 284; Hall v. Hallett, 1 Cox. 135; Barstow v. Beckett, 122 Fed. R. 146; McIntyre v. Pryor, 173 U. S. 54, et seq.; Michaud v. Girod, 4 How. 560; Prevost v. Gantz, 6 Wheat. 497; Baker v. Whiting, 3 Summ. 475; Allore v. Jewel, 94 U. S. 506; Meader v. Norton, 11 Wall. 442; Ins. Co. v. Eldridge, 102 U. S. 548; Townsend v. Vanderruther, 160 U. S. 186; Moreland v. Bowling, 3 Gill. 500; Morris v. Robey, 73 Ill. 463; Devoe v. Fanning, 2 John. Ch. 269; citing New York Bldg. Co. v. McKenzie, decided by House of Lords.

Fraud. Farr v. Sims, 24 Am. Dec. 403; Neilson v McDonald, 6 John Ch. 204; 4 John Ch. 254.

Notice. Webber v. Clark, 136 Ill. 270; Smith v. Huntoon, 134 Ill. 30; Stewart v. Mathery, 66 Miss. 25; Norton v. Neb. L. & F. Co., 35 Neb. 470; Dennerlin v. Dennerlin, 111 N. Y. 52; Wood v. Krebbs, 30 Gratt. 715; Long v. Weller, 29 Gratt. 347; Cordova v. Hood, 17 Wall. 1; Brush v. Ware, 15 Pet. 114; Brittain v. Crowther, 54 Fed. 298; Williams v. Jones, 43 W. Va. 562; Gantly's

Retsch v. Renehan, et al, 16 N. M. 541.

Less. v. Ewing, 3 How. 714; Wood v. Carpenter, 101 U. S. 141; Shauer v. Alerton, 151 U. S. 622; Kennedy v. Green, 3 Myl. & K. 722; Singer v. Jacobs, 3 McC. 638; Schulenberg v. Karbureck, 2 Dill.; Bartles v. Gibson, 17 Fed. 297; Cordova v. Hood, 17 Wall. 8; Reynolds v. Harris, 14 Cal. 667; Turner v. Bank, 78 Ind. 19; Ayres v. Campbell, 9 Iowa 213; Wormly v. Wormly, 8 Wheat. 445; Wood v. Robinson, 22 N. Y. 567; Mingus v. Condit, 23 N. J. Eq., Gren. 315; Smith v. Huntoon, 134 Ill. 24; Webber v. Clark, 136 Ill. 256; Huber v. Hess, 191 Ill. 304; Miller v. McAlister, 197 Ill. 305; Bumpes v. Dotson, 7 Hump. 310; Forsyth v. Matthews, 14 Pa. St. 100; Engraham v. Pate, 51 Ga. 537; Howell v. Mitchell, 61 Ala. 280; Sherman v. Hogland, 73 Ind. 473; Marshall v. Croom, 60 Ala. 121; Fischer v. Shelner, 53 Wis. 481; Sutz v. Mitchell, 94 U. S. 580; May Fraud. Conveyances 236; Demarest v. Terhune, 18 N. J. Eq. 49; Reeger v. Davis, 67 N. C. 189.

The absence of a change of possession as prima facie or presumptive evidence of fraud. Crawford v. Kirksley, 55 Ala. 300; Mayer v. Clark, 40 Ala. 259; Voredenberg v. White, 1 John. Cases, N. Y. 156; Beabs v. Guernsey, 8 John. 446; Barrow v. Paxton, 5 Johns. 258; Rothchild v. Rowe, 44 Vt. 393; Coburn v. Taft, 58 N. H. 445; Dempsey v. Gardner, 127 Mass. 381; Mead v. Gardner, 13 R. I. 257.

No proceedings to set aside the sale would be required until the return of the execution was filed. Moreland v. Bowling, 3 Gill. 500.

Absence of payment of judgment and costs fraudulent. Negley v. Stewart, 10 S. & R. 207; Iser v. Andrews, 66 N. C. 552; Aldrich v. Wilcox, 10 R. I. 845; Phillips v. Foster, 19 Ga. 298; Swope v. Ardery, 5 Ind. 213; Chapman v. Howard, 8 Black. 82; People v. Hays, 5 Cal. 66; Buckle v. Barbour, 48 Ind. 274.

There should have been a specific denial of each fact. 2 Wait's Prac. 423; Gallaher v. Cunningham, 8 Cow. 373; Heally v. Finster, 2 John. Ch. 160; Frost v. Beekman, 1 John. Ch. 301; Girard v. Saunders, 2 Ves. Jr. 454; Balcom v. N. Y. L. Ins. Co., 11 Paige 466; Nanz v.

McPherson, 7 Mon. 600; Curtis v. Lunn, 6 Munf. 42; Galatin v. Irwin, Hopkins Ch. 48; Pillow v. Thaum Heirs, 3 Yerg. 508; Murray v. Ballow, 1 John. Ch. 574; Edwards v. Lent, 8 How. Pr. 28; Ketcham v. Zerega, 1 E. D. Smith 553; Lawrence v. Derby, 24 How. Pr. 133; Foles v. Hick, 12 How. Pr. 153; 2 Wait's Pr. 423; Lewis v. Acker, 11 How. Pr. 163; Richardson v. Wilton, 4 Sand. 708; Beebe v. Marrow, 17 Abb. 194; Sherman v. N. Y. Cent., Mills Id. 187; Chapman v. Palmer, 12 How. P. 37.

Actual, notorious and exclusive possession of the land takes the place of the recording of the instrument of title. 1 Beach Mad. Court, sec. 354; Chapman v. Chapman, 21 S. E. R. 813; Hornes v. Powell, 8 De Gex., M. & G. 572; 2 Pomeroy's Eq. Jur., sec. 614; Phelan v. Brady, 119 N. Y. 587; 1 Warvelle on Vendors 669.

A failure of consideration may be alleged in case of total failure of the title of the land sold. Hall v. McArthur, 82 Ga. 572; Anderson v. Anstead, 69 Ill. 452; Julian v. Beel, 26 Ind. 220; Sunderland v. Bell, 39 Kas. 663; Baird v. Lævison, 91 Ky. 204; Curtis v. Clark, 133 Mass. 509; Burns v. Hayden, 24 Mo. 215; West v. Shaw, 32 W. Va. 195; Rice v. Goddard, 11 Pick. 293.

### STATEMENT OF FACTS.

The plaintiff, Tina Haffner Retsch, widow and sole heir of Louis Haffner, filed her complaint in this action January 20, 1901, against the defendant, Alois B. Renehan and M. R. Fogarty, to set aside certain deeds to real estate and to remove the same as clouds from her title thereto. Judgment for plaintiff. Defendants appeal.

### OPINION OF THE COURT.

MECHEM, J.—On December, 1895, in a cause in the District Court of Santa Fe county, A. Z. Monell, obtained judgment against Louis Haffner in the sum of $100.00 and costs of suit, and thereafter, under an execution, issued by virtue of said judgment, the Sheriff of Santa Fe county sold, and defendant Renehan bought in and received a deed from the said sheriff, to certain real

Retsch v. Renehan, et al, 16 N. M. 541.

estate, the property of the said Haffner. Renehan was the attorney of record of Monell, the judgment creditor. The court below found that, "The total for principal indebtedness, interest, costs of suit, and costs of sale should not have exceeded $174.00," but that "the deputy sheriff making the sale announced that $565.00 bid, the amount of judgment and costs, would be necessary before there would be any sale," which sum Renehan bid and the real estate was struck off and sold to him; the court further found that of this sum, $375 was for custodian's or caretaker's fees at the rate of $125.00 per month. The statute makes no provision for fees to a sheriff for the care and custody of real estate under levy by execution. The charge for such fees in this case was illegal, improper, and extortionate. Renehan is charged with notice of the illegal and fraudulent conduct of the officer making the sale and there is no room for any argument that a court of equity will not set such a sale aside.

2. On January 23, 1900, Renehan, by quit claim deed, conveyed said real estate to the defendant Fogarty, who sets up the defense of a bona fide purchaser for value and without notice. The consideration expressed in the quit claim deed was that Fogarty "has cancelled and confesses as paid a certain promissory note" of Renehan's for $250.00 and also a debt of $180.00. Renehan testified that the note was for $250:00 with interest from some time in 1890 or 1891 at 6%. The court found that the consideration of the deed was for antecedent debts and, therefore, Fogarty was not a purchaser for a valuable consideration. The question here raised is discussed in 2 Pomeroy Eq. Jur., sec. 749, as follows: "Whether the complete satisfaction and discharge as the definite forbearance of an antecedent debt without surrender or cancellation of any written security by the creditor, will be a valuable consideration, is a question to which the courts of different states have given conflicting answers, but the affirmative seems to be supported by the numerical weight of authority. Some legal rules ought to be settled in accordance with the results of ex-

perience and dictates of policy, rather than by compliance with the deductions of a strict logic. To hold that a conveyance is security for an antecedent debt is made without, but that one in satisfaction of such debt is made with a valuable consideration, when the fact of satisfaction is not evidenced by any act of the creditor, but depends upon mere verbal testimony, is opening the door wide for the easy admission of fraud. It leaves the rights of third persons to depend upon the coloring given to a part transacted by the verbal testimony of witnesses, after the event has disclosed to the creditor the form and nature in which it is for his interest to picture the transaction. The rule which renders it so easy for an interested party to defeat the rights of others is clearly unpolitic." With the view thus expressed by so eminent an authority and supported, it seems to us, by sound reason, we are in full accord and, therefore, hold that there being an entire absence of any evidence showing a surrender or cancellation of any written security held by the creditor, Fogarty did not become a purchaser for a valuable consideration.

3. It might be also suggested that there is nothing in the testimony to show that the debt due Fogarty was enforceable.

4. Although the defendants did not in their pleadings rely upon the defense of laches, it is argued in their brief, and while it is not clear that they are entitled to have that question considered here, yet we will deal with it. In discussing the doctrine of laches, the court, in Penn. Mutual Life Insurance Co. v. Austin, 168 U. S. 685, says: "The reason upon which the rule is based is not alone the lapse of time during which the neglect to enforce the right has existed, but the changes of condition which have arisen during the period in which there has been neglect. In other words, where a court of equity finds that the position of the parties has so changed that equitable relief can not be afforded without doing injustice, or that intervening rights of third persons may be destroyed or seriously impaired, it will not exert its equitable powers in order to save one from the consequences of his own

neglect." See, also, Patterson v. Hewitt, 11 N. M. 1. We have been unable to find, and our attention is not directed by counsel for defendants to anything in the record for which the trial court could have found that prior to January 20, 1901, the position of the parties had so changed that equitable relief could not have been afforded without doing injustice.

Further, Mrs. Haffner having been in possession of the land in dispute, laches will not be imputed to her no matter how long her delay. 5 Pomeroy Eq. Jur., sec. 33. Numerous other points are discussed in the briefs which we do not deem it necessary to discuss in disposing of this appeal. Finding that the learned trial judge committed no error, the judgment in this cause is in all things affirmed.

Pope, C. J. did not participate in this decision.