No. 31,342

The First Colored Baptist Church of Junction City, *Appellee*,
v. Christopher Columbus Caldwell, *Appellant*.

(30 P. 2d 144.)

Opinion denying a rehearing filed March 10, 1934. (For original opinion of affirmance, see 138 Kan. 581, 27 P. 2d 237.)

*James V. Humphrey* and *Arthur S. Humphrey*, both of Junction City, for the appellant.

*U. S. Weary*, of Junction City, for the appellee.

The opinion of the court was delivered by

Smith, J.: A motion for a rehearing has been filed by the appellant in this case, in which it is suggested that the court overlooked "the particular statutes in controversy and which appellant cited as sustaining his contention." The abstract, briefs and opinion of affirmance in this case have been studiously reconsidered in the light of appellant's pending motion, and we have concluded that while some of the language used in the opinion is subject to criticism in that it is not a clear statement of the rule, the decision is not seriously deficient except in respect to the third paragraph of the syllabus, which is misleading, and, perhaps, as urged by appellant, the statutes involved should have been given more extended consideration.

Accordingly, the third paragraph of the syllabus is corrected to read as follows:

"While under the provisions of R. S. 22-904 probate courts have authority to find who are the heirs, devisees and legatees of a deceased person, the statute does not confer on the probate court the authority to adjudicate title to real estate."

Appellant in his motion calls our attention to R. S. 22-904 and R. S. 1931 Supp. 22-904a and argues that "These statutes, in terms, enlarge the powers of the probate court," and, by inference, contends that under these sections probate courts have jurisdiction to adjudicate title to real estate. The statutes in question are not open to such an interpretation. In *Byerly v. Eadie*, 95 Kan. 400, 404, it was said:

"In actions involving title or interest in real estate probate courts, except where the constitution of the state gives them general jurisdiction, have no power or jurisdiction to determine the title to realty . . . 'for while it is true that the probate court has jurisdiction to determine the claims to property as between those interested in the estate, this authority only goes to the extent of determining their relative interests as derived from the estate, and not to an interest claimed adversely thereto.'"

R. S. 1931 Supp. 22-904a does not enlarge the power and scope of the probate court but merely provides a procedure for effectuating the purposes of R. S. 22-904 in cases involving real estate in another county, and does away with the necessity of a subsequent administration in the county where the land is located.

For the purpose of clarity we make the further observation: It will be noted that the order of the probate court was two-fold. It found that the remainderman, The Second Baptist Church of Junction City, was not incorporated at the time of the death of decedent; that therefore the remainder to the church failed for want of a legal devisee; that the remainder would therefore go to the heir at law and that Caldwell was the sole heir at law. There never has been any dispute as to whether Caldwell was the sole heir at law.

The allegation in the answer, to which the demurrer was filed, is that, as to the finding and order of the probate court, the church was not incorporated and the consequent failure of the remainder. Defendant urges that this part of the finding constitutes *res adjudicata*. To thus hold would amount to a conclusion that a probate court had authority to adjudicate the title to real estate. As has been said, probate courts have no such authority. We hold that the portion of the order dealing with the real estate was surplusage and of no effect whatever in so far as the issues between these parties are concerned.

Since this is true the finding and order pleaded in the answer did not constitute a defense and the demurrer was properly sustained.

The motion for a rehearing is denied.