SHADE *v.* DOWNING ET AL.

No. 448. Argued February 11, 1948.—Decided April 5, 1948.

*Kelly Brown* argued the cause for Shade, urging an affirmative answer.

*Forrester Brewster* argued the cause for Downing et al., urging a negative answer.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

The Circuit Court of Appeals for the Tenth Circuit, acting under Judicial Code § 239, 28 U. S. C. § 346, has certified the following question for our determination:

"(1) Is the United States a necessary party to a proceeding to determine the heirship of a deceased citizen allottee of the Five Civilized Tribes brought under the Act of June 19 [14], 1918, 40 Stat. 606?"

On January 4, 1935, the County Court of Cherokee County, Oklahoma, decreed that the sole and only heirs

of Thompson Downing, a full-blood Cherokee, were his three daughters, the appellees below. Sometime thereafter Peggy Shade brought this suit in an Oklahoma court to claim, as the only heir of Downing's second wife, an undivided one-fourth interest in Downing's allotted lands. She attacked the 1935 decree on the ground, among others, that no notice of the pendency of the heirship proceedings had been served on the Superintendent for the Five Civilized Tribes under the Act of April 12, 1926, 44 Stat. 239, 240–241.[1] Notice of the pendency of the present action was duly served upon the Superintendent and on

[1] Sec. 3 of the Act, so far as material here, provides: "Any one or more of the parties to a suit in the United States courts in the State of Oklahoma or in the State courts of Oklahoma to which a restricted member of the Five Civilized Tribes in Oklahoma, or the restricted heirs or grantees of such Indian are parties, as plaintiff, defendant, or intervenor, and claiming or entitled to claim title to or an interest in lands allotted to a citizen of the Five Civilized Tribes or the proceeds, issues, rents, and profits derived from the same, may serve written notice of the pendency of such suit upon the Superintendent for the Five Civilized Tribes, and the United States may appear in said cause within twenty days thereafter, or within such extended time as the trial court in its discretion may permit, and after such appearance or the expiration of said twenty days or any extension thereof the proceedings and judgment in said cause shall bind the United States and the parties thereto to the same extent as though no Indian land or question were involved. . . . *Provided,* That within twenty days after the service of such notice on the Superintendent for the Five Civilized Tribes or within such extended time as the trial court in its discretion may permit the United States may be, and hereby is, given the right to remove any such suit pending in a State court to the United States district court by filing in such suit in the State court a petition for the removal of such suit into the said United States district court, to be held in the district where such suit is pending, together with the certified copy of the pleadings in such suit served on the Superintendent for the Five Civilized Tribes as hereinbefore provided. It shall then be the duty of the State court to accept such petition and proceed no further in said suit. . . ." See *United States* v. *Rice*, 327 U. S. 742, cf. 61 Stat. 731, 732, § 3 (c); H. R. Rep. No. 740, 80th Cong., 1st Sess., p. 4.

his motion the cause was removed to the District Court for the Eastern District of Oklahoma. Judgment was entered for defendants on June 6, 1945, the court holding that the United States was not a necessary party to the 1935 heirship proceedings, and that notice under the 1926 Act was not necessary to the validity of that decree. On appeal, the court below certified the above question for our determination.

The Act of June 14, 1918, 40 Stat. 606, 25 U. S. C. §§ 375, 355,[2] vested in the Oklahoma courts jurisdiction to determine heirship of restricted Indian lands and to entertain proceedings to partition such lands.[3] See §§ 1 and 2. It is a jurisdictional statute only (see *United States* v. *Hellard,* 322 U. S. 363, 365) and leaves open the question whether the United States is a necessary or indispensable party to proceedings under either section.

We held in *United States* v. *Hellard, supra,* that the United States is a necessary party to partition proceedings

---

[2] Sec. 1 provides: "That a determination of the question of fact as to who are the heirs of any deceased citizen allottee of the Five Civilized Tribes of Indians who may die or may have heretofore died, leaving restricted heirs, by the probate court of the State of Oklahoma having jurisdiction to settle the estate of said deceased, conducted in the manner provided by the laws of said State for the determination of heirship in closing up the estates of deceased persons, shall be conclusive of said question . . . ."

Sec. 2 provides: "That the lands of full-blood members of any of the Five Civilized Tribes are hereby made subject to the laws of the State of Oklahoma, providing for the partition of real estate. Any land allotted in such proceedings to a full-blood Indian, or conveyed to him upon his election to take the same at the appraisement, shall remain subject to all restrictions upon alienation and taxation obtaining prior to such partition. In case of a sale under any decree, or partition, the conveyance thereunder shall operate to relieve the land described of all restrictions of every character."

[3] It is well-settled that Congress has authority to select state agencies to perform such functions. *United States* v. *Hellard, supra,* p. 365.

brought under § 2 of that Act. That holding was based upon the direct and important interests of the government in the course and outcome of partition proceedings, interests flowing from the statutory restrictions on alienation of allotted lands. Lands partitioned in kind to full-blood Indians remain restricted under § 2. Thus the United States, as guardian of the Indians, is directly interested in obtaining a partition in kind, where that course conforms to its policy of preserving restricted lands for the Indians, or, if a sale is desirable, in insuring that the best possible price is obtained. Moreover, if the lands are both restricted and tax-exempt, it has an interest in the reinvestment of the proceeds of the sale in similarly tax-exempt and restricted lands. Act of June 30, 1932, 47 Stat. 474, 25 U. S. C. § 409a. And there is a further interest in protecting the preferential right of the Secretary of the Interior to purchase the land for another Indian under § 2 of the Act of June 26, 1936, 49 Stat. 1967. For these reasons we held in *United States* v. *Hellard, supra,* that the United States was a necessary party to the partition proceedings, even absent a statutory requirement to that effect.

Heirship proceedings, however, present quite different considerations. They involve no governmental interests of the dignity of those involved in partition proceedings. Restrictions on alienation do not prevent inheritance. *United States* v. *Hellard, supra,* p. 365. Death of the allottee operates to remove the statutory restrictions on alienation; and the determination of heirship does not of itself involve a sale of land.[4] The heirship proceeding

---

[4] The Act of April 12, 1926, provides in part: "The death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: *Provided,* That hereafter no conveyance by any full-blood Indian of the Five Civilized Tribes of any interest in lands restricted by section 1 of this Act acquired by inheritance or devise from an allottee of such lands shall be valid unless approved by the county court having jurisdiction

involves only "a determination of the question of fact as to who are the heirs of any deceased citizen allottee of the Five Civilized Tribes."[5]    As such, it is little more than an identification of those who by law are entitled to the lands in question and does not directly affect the restrictions on the land or the land itself.   Important as these proceedings may be to the stability of Indian Land titles,[6] they are of primary interest only to the immediate parties.   The United States is, indeed, hardly more than a stakeholder in the litigation.

That is the distinction between partition and heirship proceedings which we recognized in *United States* v. *Hellard, supra,* pp. 365–366.   We adhere to it.[7]   Accordingly the question certified is answered "No."

*So ordered.*

Mr. Justice Reed, Mr. Justice Frankfurter and Mr. Justice Jackson would answer the question in the

---

of the settlement of the estate of the deceased allottee or testator . . . ."   See also 61 Stat. 731, § 1.   We do not have before us the question as to whether or not the United States is a necessary party to a proceeding to obtain court approval of a deed under the 1926 Act.

[5] See § 1 of the 1918 Act, note 2, *supra.*

[6] See Sen. Rep. No. 330, 65th Cong., 2d Sess., p. 1.

[7] Subsequent to the institution of these heirship proceedings, and after the decision in the *Hellard* case, Congress marked this distinction by providing that the Oklahoma state courts should have exclusive jurisdiction in all actions to determine heirship under § 1 of the 1918 Act and that the United States is not a necessary or indispensable party to such proceedings.   61 Stat. 731, 732, § 3 (a) and (b). Moreover, Congress by § 3 of the Act of July 2, 1945, 59 Stat. 313, 314, provided that no order, judgment or decree in partition made subsequent to the 1918 Act and prior to the 1945 Act and involving inherited restricted lands of enrolled and unenrolled members of the Five Civilized Tribes nor any conveyance pursuant thereto should be invalid because the United States was not a party or was not served with any notice or process in connection therewith.

affirmative because, in their view, the purpose of Congress was to permit the intervention of the United States in cases in which a restricted member of the Five Civilized Tribes is a party and therefore the United States is a necessary party to the proceedings.